UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THERMAPURE, INC.,

        Plaintiff,

v.

WATER OUT OREGON, et al.,

        Defendants.

CASE NO. C11-5958 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

    This matter comes before the Court on Plaintiff ThermaPure, Inc.'s ("ThermaPure") motion for reconsideration (Dkt. 52). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

    On November 18, 2011, ThermaPure filed a complaint alleging that Defendants Water Out Oregon ("WOO") and Water Out of Oregon, Inc., infringe United States Patent No. 6,327,812 ("the '812 patent"). Dkt. 1.

    On February 21, 2012, WOO filed a motion for partial summary judgment of non-infringement. Dkt. 17. On May 7, 2012, ThermaPure responded. Dkt. 27. On May 21, 2012, WOO replied (Dkt. 31) and filed a response to ThermaPure's request for additional time to conduct discovery pursuant to Fed. R. Civ. P. 56(d) (Dkt. 34). On July 26, 2012, the Court granted ThermaPure's request and renoted WOO's motion to October 26, 2012.

ORDER - 1

Dkt. 38. On October 22, 2012, ThermaPure filed a supplemental response. Dkt. 39. On October 29, 2012, WOO filed a supplemental reply. Dkt. 49.

On November 13, 2012, the Court granted WOO's motion. Dkt. 51. On November 27, 2012, ThermaPure filed a motion for reconsideration of the Court's order. Dkt. 52. On November 28, 2012, ThermaPure filed a praecipe (Dkt. 54) and corrected motion (Dkt. 54–1).

## II. DISCUSSION

### A. Reconsideration Standard

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

### B. ThermaPure's Motion

ThermaPure asserts three arguments in support of its motion: (1) WOO improperly presented its arguments; (2) there was evidence in the record to establish a question of fact; and (3) the Court should have adopted a different construction of the relevant claim language. First, ThermaPure requests that the Court reconsider its order "because [ThermaPure] never had the opportunity to address the issue of whether Claim 6 requires [WOO] 'identif[y] organisms to target with heat.'" Dkt. 54–1 at 2. ThermaPure argues

1  that WOO presented this argument for the first time in its supplemental reply brief. *Id*.

2  ThermaPure is incorrect. In the order, the Court addressed this issue as follows:

> In its previous order, the Court stated that "[a]lthough the '812 patent contains eight claims, it is undisputed that the only claim at issue is claim 6." Dkt. 38 at 3. In its supplemental response, Thermapure clarified that claim 6 was used as an example and that it has not conceded non-infringement of claim 4 or claim 8. Dkt. 39 at 5. Instead, Thermapure states that WOO's "motion is limited to the following claim terms: (1) use of a plurality of temperature monitoring probes; (2) predetermination of locations to place the probes; and, (3) predetermination of the temperature to heat a structure." *Id*. WOO's motion, however, explicitly challenges
> > (1) use of multiple temperature probes; (2) distribution of multiple temperature probes at pre-determined points throughout the structure; and (3) **pre-determining a temperature for a target organism and heating the structure to that temperature.**
>
> Dkt. 17 at 2. This distinction is important because WOO's supplemental reply focuses on pre-determining a temperature for a target organism. *See* Dkt. 49.

Dkt. 51 at 3 (emphasis added). ThermaPure had two opportunities to address the issue of "pre-determining a temperature for a target organism and heating the structure to that temperature." Allowing ThermaPure a third bite at the apple is fundamentally unfair. Therefore, the Court denies the motion on this issue.

Second, Thermapure argues that WOO's ex-employee, Steven Ruffner, declared that WOO targeted organisms such as mold and other bacteria. Dkt. 54–1 at 2–4. This evidence does *not* create a question of fact that WOO predetermined the temperature of the gas to kill that particular organism because, at most, it shows that WOO only treated structures that contained particular organisms. Therefore, the Court denies ThermaPure's motion on this issue because there is no evidence that creates a question of fact as to correlation between temperature and a targeted organism.

Finally, ThermaPure contends that the Court should have adopted United States District Judge Robert H. Whaley's construction of "predetermined temperature" instead of United States District Judge Joan H. Lefkow's construction of the '812 Patent. Dkt. 54–1 at 4–7. The Court disagrees. The issue Judge Whaley addressed was whether "'predetermined temperature' means the temperature inside the structure where it is monitored, not at the heat source." Dkt. 53, Exh. 2 at 10, ll. 13–14. Thus, the issue in that case was the location of monitoring the gas temperature.

On the other hand, Judge Lefkow addressed the issue of whether the temperature of the gas was *sufficient to kill* the targeted organism. Dkt. 48, Exh A. On this issue, Judge Leftkow reasoned as follows:

> The applicant did not distinguish Forbes on the basis that the invention used a higher temperature than Forbes, so they did not disavow their claim that the temperature must be merely sufficient to kill targeted organisms. Because **the claim and specification refer to temperature relative to that required to kill**, however, **the measure of temperature must be sufficient to kill almost all targeted organisms** (implicitly promptly) by using the method claimed. Otherwise, **a practitioner of the invention would have no guidance as to temperature required**. The applicant's response to the Examiner's rejection conceded that the method of Forbes was essentially the same as that of the claimed invention, stating, "Forbes discloses a method of treating a region infested by insects by subjecting the region to hot gases for a period of time sufficient to raise the host material temperature to a desired level, and maintaining it at that temperature for a suitable period of time [described at Forbes 3:48 as 'an economical period of time']."). JA 00075. *See* Forbes, cl. 1 ("a method . . . comprising heating an environmentally acceptable gas . . . ;" [and] applying said heated gas to surfaces of said structure until the temperature . . . reaches a lethal temperature at which said insects cannot survive for a significant length of time, and maintaining said lethal temperature . . . for a period of time necessary to assure the death of said insects . . . .").

*Id*. at 3 (emphasis added).

1     In this case, the Court adopted the construction that addressed the particular issue 2 presented. WOO argued that "claims [of the '812 patent] all require that a temperature be 3 selected in advance: either a temperature predetermined directly, or determined as the 4 temperature lethal to predetermined organisms." Dkt. 17 at 11. Judge Lefkow concluded 5 that the claim language should be construed to require correlation between the gas 6 temperature and a targeted organism, "[o]therwise, a practitioner of the invention would 7 have no guidance as to temperature required." Dkt. 48, Exh. A at 3. The Court 8 considered Judge Lefkow's order, found it to be well reasoned and persuasive as to the 9 particular issue presented in this case, and adopted Judge Lefkow's construction. In fact, 10 even Judge Whaley concluded that Judge Lefkow's construction of predetermined 11 temperature "applied across Claims 4, 6, and 8 of the '812 Patent." Dkt. 53, Exh. 2 at 5, 12 ll. 9–10. ThermaPure has failed to show any error in the adopted construction or 13 application of that construction to the record on file. Therefore, the Court denies 14 ThermaPure's motion on this issue.

### III. ORDER

    Therefore, it is hereby **ORDERED** that ThermaPure's motion for reconsideration (Dkt. 52) is **DENIED**.

    Dated this 3rd day of December, 2012.

BENJAMIN H. SETTLE  
United States District Judge